UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTAYLING JAVIER CEAS CEAS,

Petitioner,

v.

Case No. 2:26-cv-2430-KCD-KRH

WARDEN OF GLADES COUNTY DETENTION CENTER, ACTING DIRECTOR TODD M. LYONS, FIELD OFFICE DIRECTOR GARRETT J. RIPA, SECRETARY MARKWAYNE MULLIN, ACTING US ATTY GEN TODD BLANCHE, ICE, DHS,

Respondents.
_______________________________/

**ORDER**

Petitioner Estayling Javier Ceas Ceas has been provided with bond hearings under 8 U.S.C. § 1226(a), most recently on July 15, 2026. (Doc. 6-1 at 9.)[1] He now argues that those proceedings were stale and incomplete, and asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 6.)

Here is the unavoidable problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e), explicitly stripping federal courts of authority to review "a

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Ceas's petition is an invitation for this Court to reweigh the facts from the bond hearings and reach a different result. He claims the immigration judge denied bond based on incorrect information. (Doc. 1 at 6.) But that is exactly the kind of factual second-guessing § 1226(e) prohibits. This Court cannot substitute its own assessment of the information presented to the immigration judge. Our job is to ensure that Ceas received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a motion to enforce here. *See, e.g., Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Because Ceas has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on September 16, 2026.

Kyle C. Dudek
United States District Judge